FILED
FEB 03 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TERRI KORBE,

                Plaintiff,

v.

HILTON HOTELS CORPORATION,
a foreign business corporation; EUGENE
HILTON HOTEL AND CONFERENCE
CENTER, an assumed business name of
DAVIDSON HOTEL COMPANY LLC,
a foreign limited liability company; and
DANIEL L. CURL,
                Defendants.

CV. 08-1309-PK

FINDINGS AND
RECOMMENDATION

PAPAK, Judge:

      Plaintiff Terri Korbe filed this action seeking damages for the injuries she sustained after she tripped and fell in the lobby of the Eugene Hilton Hotel and Conference Center while she was a guest there. Defendants removed the case on the basis of diversity jurisdiction. Plaintiff's

Page 1 - FINDINGS AND RECOMMENDATION

motion for remand and attorney fees is now before the court. Plaintiff's motion should be granted in part and denied in part, for the reasons set forth below.

## LEGAL STANDARD

Upon a party's motion to remand, a federal court can remand a case to state court for lack of subject matter jurisdiction at any time before the court issues a final judgment. 28 U.S.C. § 1447(c). The party opposing the motion for remand has the burden of proving federal jurisdiction. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). After the court examines possible bases for federal jurisdiction, any remaining doubt favors remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

## BACKGROUND

On October 27, 2006, plaintiff Terri Korbe, an Oregon resident, sustained injuries when she fell over a vacuum cleaner cord in the lobby of the Eugene Hilton Hotel and Conference Center. Korbe filed suit in state court on October 1, 2008, naming as defendants Hilton Hotels Corporation, and the Eugene Hilton Hotel and Conference Center, an assumed business name of Davidson Hotel Company, LLC, which operates the hotel under a franchise agreement. The complaint also named a John Doe defendant, described as the individual who operated the vacuum cleaner on the day of the incident.

On October 7, 2008, Korbe served the hotel defendants with the complaint and a request for production of documents, including a document sufficient to identify the Doe defendant. Defendants removed the case to federal court on November 6, 2008. One week after removal, defendants' counsel sent an email to Korbe's counsel, asserting that no responses to discovery

Page 2 - FINDINGS AND RECOMMENDATION

were yet due because they had removed the case to federal court, but nonetheless identifying the Doe defendant as Dan Curl.

Plaintiffs filed an amended complaint on November 21 and served Curl on November 26, 2008. The amended complaint makes the same allegations as the original complaint but identifies Dan Curl as the individual responsible for operating the vacuum cleaner. The complaint also alleges that Curl is a citizen of Oregon.

Curl was not an employee of Hilton Hotels, the Eugene Hilton Hotel, or Davidson. He served as an employee of Express Personal Services at the time of the incident. He had no notice of Korbe's action against him until he received the amended complaint on November 26, 2008.

## DISCUSSION

An action filed in state court may be removed to federal court if the federal court would have had original subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332, the federal court has original jurisdiction over controversies in excess of $75,000 between parties of diverse citizenship. The diversity statute has a complete diversity requirement so that, in a case involving claims against multiple defendants, "the plaintiff must meet the requirements of the diversity statute for each defendant." *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1004-1005 (9th Cir. 2001) (internal citation omitted).

Here, Korbe argues that defendants' notice of removal was not timely. Korbe also asserts that her joinder of Curl, an Oregon resident, destroys complete diversity. Defendants respond that they timely removed and that Curl does not defeat diversity because Korbe fraudulently joined him in the action.

Page 3 - FINDINGS AND RECOMMENDATION

I.   **Timeliness of the Notice of Removal**

In relevant part, 28 U.S.C. § 1446(b), specifies that the removal notice "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the [complaint]." *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347 (1999); 28 U.S.C. § 1446(b). The removal period starts to run only when the defendant is properly served and thus subject to the court's jurisdiction. *Murphy Bros.*, 526 U.S. at 354. In addition, under Federal Rule of Civil Procedure 6(a), courts "[e]xclude the day of the act . . . that begins the period" and include the last day of the period when computing any time specified by the Federal Rules of Civil Procedure, "or in any local rule, court order or statute." Fed. R. Civ. P. 6(a). Rule 6(a) applies to notices of removal under 28 U.S.C. § 1446(b). *See, e.g., Piazza v. EMPI, Inc.*, No. 07-954, 2008 U.S. Dist. LEXIS 28136, at *21 (E.D. Cal. Feb. 28, 2008); *Braudrick v. City of Phoenix*, No. 06-1934, 2006 U.S. Dist. LEXIS 77939, at *2-3 (D. Ariz. Oct. 24, 2006).

Here, the parties do not dispute that Korbe served the hotel defendants on October 7, 2008. Thus, the time to file the notice of removal commenced to run on October 8, 2008 and continued until 30 days later. Defendants filed their notice of removal on the thirtieth day, November 6, 2008, before their time expired. Therefore, I find that the notice of removal was timely.

II.   **FRAUDULENT JOINDER**

"Fraudulent joinder is a term of art." *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003). Where "a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent and removal is proper." *Gardner v. UICI*, 508 F.3d 559, 561 (9th Cir. 2007)

Page 4 - FINDINGS AND RECOMMENDATION

(internal citation omitted). Thus, a plaintiff's claim against a non-diverse defendant is fraudulently joined if the claim is time-barred under the applicable state law. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1320 (9th Cir. 1998). Here, the parties dispute whether Korbe's claim against Curl is time-barred.

### A.  Timeliness of Plaintiff's Claim Against Curl

#### 1.  Choice of Law

"Absent a direct conflict between a federal rule and state law, state law applies in diversity actions." *Torre v. Brickey*, 278 F.3d 917, 919 (9th Cir. 2002) (citing *Walker v. Armco Steel Corp.*, 446 U.S. 740, 752 (1980)). Federal Rule of Civil Procedure 15(c), which governs relation back of amended complaints, does not determine the timeliness of a plaintiff's action, and so does not "raise a limitations bar that is not supported by the underlying state rule." *Lindley v. Gen. Elec. Co.*, 780 F.2d 797, 801 (9th Cir. 1986) (internal quotation omitted). If an action is not time-barred under the state statute of limitations scheme, there is no need for relation back and Rule 15(c) simply does not come into play. *Id.* at 800; *see also* Fed. R. Civ. P. 15, advisory committee's note, 1991 Amendment ("Whatever may be the controlling body of limitations law, if that law affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim."). Therefore, I begin my analysis by asking whether plaintiff's amended complaint, naming Curl as a defendant, was timely under Oregon law.

#### 2.  Oregon Statute of Limitations

Oregon law provides a two-year statute of limitations for "any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter." Or.

Page 5 - FINDINGS AND RECOMMENDATION

Rev. Stat. § 12.110(1). Oregon Revised Statute § 12.020 provides that an action commences on the date the plaintiff files the complaint so long as the plaintiff serves the summons on the defendant within 60 days of filing the complaint. Or. Rev. Stat. § 12.020; *Torre*, 278 F.3d at 919. This rule is "a substantive decision by [the] State that actual service on, and accordingly actual notice to, the defendant is an integral part of the several policies served by the statute of limitations." *Id.*

### 3. Oregon Law Governing When an Action is Commenced

The parties debate whether the Oregon rule that governs pleading against fictitious name defendants or the rule for relation back of amended complaints answer the question before the court, although neither rule specifically addresses whether naming a Doe defendant commences an action against the true defendant. Oregon Rule of Civil Procedure 20H provides, "When a party is ignorant of the name of an opposing party and so alleges in a pleading, the opposing party may be designated by any name, and when such party's true name is discovered, the process and all pleadings and proceedings in the action may be amended by substituting the true name." Oregon's Rule 23C provides that an amendment changing the party against whom a claim is asserted relates back when: 1) the claim arises out of the same conduct, transaction or occurrence set out in the original pleading; 2) "the party to be brought in by amendment" received notice of the action within the statute of limitations period, such that he will not be prejudiced from maintaining a defense on the merits and; 3) the party knew or should have known that, but for plaintiff's mistake concerning the identity of the proper party, the action would have been brought against him. Or. R. Civ. P. 23C. Defendants assert that rule 23C governs while Korbe argues

Page 6 - FINDINGS AND RECOMMENDATION

that Rule 20H alone applies.[1]

Although Oregon law does not specifically address whether naming a Doe defendant commences an action against the true defendant, several cases address similar situations. Under Oregon law, when a complaint misnames the defendant, but the plaintiff serves the defendant within the sixty-day grace period for service of summons, and the defendant should reasonably have understood from the complaint that he or she is the party sued, the original complaint commences the action against the defendant. *Harmon v. Fred Meyer*, 146 Or. App. 295, 299-302, 933 P.2d 361 (1997). A later amendment "to correct the misnomer does not bring in a new entity and is not a change in the party." *Id.* at 302. In *Harmon*, for example, the plaintiff named the wrong defendant in his timely complaint but the name belonged to no other entity and the complaint accurately described the correct defendant's business. *Id.* at 301. The plaintiff served the summons and complaint on the correct defendant after the statute of limitations had passed but within the sixty-day grace period. *Id.* The court ruled that the original complaint commenced the action against the correct defendant and the plaintiff did not change a party when he corrected the misnomer by amending the complaint after the statute of limitation had passed. *Id.*; *see also Johnson v. Manders*, 127 Or. App. 147, 872 P.2d 420 (1994) (complaint that named decedent's estate as the defendant in the caption commenced suit against the personal

---

[1] Korbe cites cases from other states for the proposition that, where the original complaint sets forth a cause of action against a Doe defendant and the plaintiff substitutes the true name by amendment, the correct defendant is a party to the action from the filing of the original complaint. *Sousa v. Casey*, 111 R.I. 623, 633, 306 A.2d 186 (1973); *Austin v. Mass. Bonding & Ins. Co.*, 56 Cal. 2d 596, 599, 364 P.2d 681 (1961). These cases are unhelpful and therefore unpersuasive. In *Sousa*, the law specifically provided that a complaint against a Doe defendant tolls the statute of limitations if it is "duly served." 111 R.I. at 632 n.4. In *Austin*, the law was "settled that a defendant sued by a fictitious name . . . is considered a party to the action from its commencement for purposes of the statute of limitations." 56 Cal. 2d at 602.

Page 7 - FINDINGS AND RECOMMENDATION

representative of the estate because the complaint alleged enough to identify the personal representative as the correct defendant and plaintiff served the personal representative within the sixty-day grace period).

The Oregon Court of Appeals has applied the rule in *Harmon* even when the plaintiff originally named a fictitious entity. In *Mitchell v. The Timbers*, for example, the plaintiff named "The Timbers" as the only defendant in his timely complaint, although The Timbers was merely an assumed business name of the correct defendant, the owner of The Timbers tavern. 163 Or. App. 312, 314, 987 P.2d 1236 (1999). The plaintiff, however, directed the summons to the owner and served the summons within the sixty-day period. *Id.* The court ruled that, although the original complaint did not name an entity capable of being sued, it commenced the action against the correct defendant; the plaintiff did not change a party when he amended the complaint after the statute of limitation had passed. *See id.* at 318-320.

When, however, the original complaint names an existing entity different from the correct defendant and the plaintiff fails to timely serve the correct defendant, the amended complaint naming the correct defendant brings in a new party. *Richlick v. Relco Equip., Inc.*, 120 Or. App. 81, 85, 852 P.2d 240 (1993). In that situation, the amended complaint must comply with the rule governing relation back when a plaintiff changes the party against whom a claim is asserted, which requires that the correct defendant have notice of the action within the statute of limitations period. *Id.* Thus, in *Richlick*, the plaintiff named an existing entity as the wrong defendant and failed to serve the correct defendant. *Id.* at 83. Although the correct defendant had notice of the action within the sixty-day period for service of summons, the amended complaint naming the correct defendant did not relate back because the correct defendant did not

Page 8 - FINDINGS AND RECOMMENDATION

have notice within the statute of limitations period. *Id.* at 85; *see also Herman v. Valley Ins. Co.*, 145 Or. App. 124, 129, 928 P.2d 985 (1996) (amended complaint did not relate back when original complaint named an entity different from the correct defendant, included no description of the correct defendant, and the plaintiff failed to timely serve the correct defendant).

Here, although defendants assert that *Ritchlick* governs and Korbe's action against Curl is time-barred, I am unconvinced. Unlike in *Ritchlick*, Korbe did not name an existing entity as the wrong defendant. Instead, like the plaintiff in *Mitchell*, Korbe named a fictitious entity. In addition, like the original complaints in *Harmon*, *Johnson* and *Mitchell*, here the original complaint included a description sufficient to inform Curl that he was the proper defendant. Moreover, unlike the plaintiff in *Ritchlick* and *Herman*, who did not timely serve the correct defendant, Korbe served the amended complaint on Curl within the sixty day period for service of summons. While the situation here is different from that in *Harmon*, *Johnson* and *Mitchell* because in those cases the plaintiff served the original complaint on the correct defendant, whereas Korbe served the amended complaint, that is a distinction without a difference. *See Kowalski v. Hereford L'Oasis*, 190 Or. App. 236, 243, 79 P.3d 319 (2003) ("[B]ecause plaintiff served defendants with summonses and copies of the operative complaint–the amended complaint–within 60 days after the original complaint was filed, this action is deemed to have been commenced on the date that the original complaint was filed."). I therefore conclude that Korbe's action against Curl is timely.

### B.   Fraudulent Joinder Does Not Apply

The Oregon case law on when a plaintiff has commenced an action against a particular defendant leads me to conclude that Korbe did not fraudulently join Curl in this action.

Page 9 - FINDINGS AND RECOMMENDATION

Fraudulent joinder requires that the plaintiff's failure to state a cause of action against a resident defendant "is obvious according to the settled rules of the state." *Gardner*, 508 F.3d at 561. Oregon does not appear to have "settled rules" that specifically govern commencement of an action when a plaintiff names a Doe defendant, nor does the current case law make it "obvious" that plaintiff's claim against Curl is time-barred. Quite the contrary, my review of the case law leads me to conclude that Korbe's cause of action against Curl was timely. Moreover, any remaining doubt favors remand. *Gaus*, 980 F.2d at 566. If the state court determines that Korbe's action against Curl is time-barred, defendants may again seek removal, provided they do so within one year of the commencement of the action. 28 U.S.C. § 1446(b). Therefore, the court should grant Korbe's motion to remand.

### III. Attorney Fees

An order remanding a case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *Gardner*, 508 F.3d at 561 "Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin*, 546 U.S. at 141.

Here, the court should deny Korbe's request for attorney fees. Although I disagree with defendants' position that Korbe fraudulently joined Curl, that position did not lack an objectively reasonable basis.

### CONCLUSION

Plaintiff's Motion to Remand Case to State Court (#8) should be granted in part and

Page 10 - FINDINGS AND RECOMMENDATION

denied in part. The court should grant Korbe's motion to remand and deny Korbe's request for attorney fees.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due February 17, 2009. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

Dated this 3rd day of February, 2009

_/s/ Paul Papak_
Honorable Paul Papak
United States Magistrate Judge