FILED'09 MAR 13 15:32USDC-ORP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TERRI KORBE,

            Plaintiff,

    v.                                                 ORDER

HILTON HOTELS CORPORATION, a                            Civil No. 08-1309-PK
foreign business corporation; EUGENE
HILTON HOTEL AND CONFERENCE
CENTER, an assumed business name of
DAVIDSON HOTEL COMPANY LLC, a
foreign limited liability company; and
DANIEL L. CURL,

            Defendants.

_____

HAGGERTY, District Judge:

        Magistrate Judge Papak referred to this court a Findings and Recommendation [22] in

this matter. Judge Papak recommends granting plaintiff's Motion to Remand Case to State Court

[8]. Defendants filed timely objections to the Findings and Recommendation. For the following

reasons, this court adopts the Findings and Recommendation.

1  - ORDER

**STANDARDS**

When a party objects to any portion of a Findings and Recommendation, the district court

must conduct a *de novo* review. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v.*

*Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The court may "accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge." 28 U.S.C. § 636(b)(1).

**BACKGROUND**

On October 27, 2006, plaintiff sustained injuries when she tripped over a vacuum cleaner

cord in the lobby of the Eugene Hilton Hotel and Conference Center. Findings and

Recommendation at 2. The vacuum cleaner was operated by defendant Daniel L. Curl, a citizen

of Oregon. *Id.*

On October 1, 2008, plaintiff filed suit in state court naming as defendants Hilton Hotels

Corporation and the Eugene Hilton Hotel and Conference Center, an assumed business name of

Davidson Hotel Company, LLC (collectively hotel defendants). The complaint also named a

John Doe defendant who was described as the individual operating the vacuum cleaner on the

day of the incident. *Id.*

On October 7, 2008, plaintiff served hotel defendants with the complaint. On November

6, 2008, hotel defendants removed the case to federal court under diversity jurisdiction. *Id.* One

week later, hotel defendants identified the Doe defendant as Curl. *Id.* at 3. On November 21,

2008, plaintiffs filed an amended complaint substituting Curl for the Doe defendant and on

November 26, 2008, served Curl with the amended complaint. *Id.* at 3. Prior to November 26,

2008, Curl had no notice of plaintiff's action against him.

2  - ORDER

Plaintiff has moved to remand this case to state court. At issue in this case is whether plaintiff's claim against Curl is time-barred. If so, remand would be inappropriate as diversity jurisdiction exists. If plaintiff's claim against Curl is not time-barred, complete diversity does not exist, and this case should be remanded to state court. 28 U.S.C. § 1332; *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1004-05 (9th Cir. 2001).

The Findings and Recommendation found that plaintiff's claim against Curl is not time-barred under applicable Oregon law and recommended remanding this case to state court.

**DISCUSSION**

For personal injury claims, Oregon has a two-year statute of limitations. Or. Rev. Stat. (ORS) 12.110(1). An action commences on the date the plaintiff files the complaint, so long as the defendant is served with the summons within sixty days of filing the complaint. ORS 12.020.

Oregon Rule of Civil Procedure 20 H provides that:

When a party is ignorant of the name of an opposing party and so alleges in a pleading, the opposing party may be designated by any name, and when such party's true name is discovered, the process and all pleadings and proceedings in the action may be amended by substituting the true name.

Rule 20 H does not state whether the amendment of a complaint, by substituting a party's true name for a fictitious name, relates the amendment back to the date of the original pleading.

Oregon Rule of Civil Procedure 23 C provides that:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, such party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining any defense on the merits, and (2) knew or

should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party brought in by amendment.

Under Rule 23 C, an amendment to a complaint changing a party only relates back if that party received notice of the suit prior to the running of the statute of limitations. It is not enough that the party is apprised of the lawsuit within the sixty-day grace period following the filing of the complaint. *See Richlick v. Relco Equipment, Inc.*, 852 P.2d 240, 241-42 (Or. Ct. App. 1993).

In *Harmon v. Fred Meyer*, the plaintiff filed his complaint prior to the tolling of the statute of limitations but named the defendant incorrectly. 933 P.2d 361, 362 (Or. Ct. App. 1993). Plaintiff served the summons and complaint on the defendant within the sixty-day grace period following the statute of limitations and subsequently filed an amended complaint correctly naming defendant. *Id.* The trial court granted defendant's motion for summary judgment, ruling that the amended complaint had changed a party and did not relate back under Rule 23 C. *Id.* at 363. The Oregon Court of Appeals reversed, holding that the amended complaint did not constitute a change in parties but merely corrected the party's name. *Id.* at 363-64; *see Mitchell v. The Timbers*, 987 P.2d 1236, 1239 (Or. Ct. App. 1999) (allowing a lawsuit to go forward where an incorrectly named defendant should reasonably have understood that they were the entity intended to be sued); *but see Herman v. Valley Ins. Co.*, 928 P.2d 985, 989 (plaintiff incorrectly named the wrong entity and amending the complaint to name the correct entity constituted a change in party under Rule 23 C).

Citing *Harmon*, the Findings and Recommendation ruled that the replacement of the Doe defendant with Curl was not a change in parties and thus did not trigger the strictures of Rule 23 C. Findings and Recommendation at 7. Defendants object, arguing that this case is markedly

4  - ORDER

different than either *Harmon* or *Mitchell*.

Defendants argue that in *Harmon* and *Mitchell* the true defendant was named incorrectly in the original complaint whereas Curl was not named in the complaint, incorrectly or otherwise. Defs.' Objections 4. Defendants are incorrect. This court concludes that Curl was incorrectly named in the original complaint by the name John Doe. Had Curl been served with the original complaint, he would have understood that he was the intended defendant, notwithstanding the fact that the complaint identified him as John Doe .

Defendants also argue that the true defendant was served with the original complaint in *Harmon* and *Mitchell*, whereas Curl was first served with the amended complaint. *Id.* This court sees no reason why this should compel a result different from that in *Harmon* and *Mitchell*. The fact that Curl was served with an amended complaint, rather than the original, does not in any way indicate that a change in parties has occurred or that Rule 23 C should be applied. Moreover, the facts in this case militate against the application of Rule 23 C even more so than those in *Harmon*. In *Harmon*, the suit was allowed to go forward despite the fact that the defendant was not served with a complaint correctly naming the defendant prior to the expiration of the sixty-day grace period. In this case, Curl received a complaint correctly naming him within the sixty-day grace period. The fact that it was an amended complaint is of no consequence.

The parties did not file objections to the portions of the Findings and Recommendation finding that the initial removal by defendants was timely or the recommendation that no attorney fees be awarded. As such, the court need only satisfy itself that there is no clear error on the face of the record with respect to these portions of the Findings and Recommendation. *Campbell v.*

*United States Dist. Ct.*, 501 F.2d 196 (9th Cir. 1974). The court is satisfied that no clear error appears on the face of the record with respect to these portions of the Findings and Recommendation.

The Findings and Recommendation is well-reasoned and without error. This court adopts the Findings and Recommendation in its entirety.

**CONCLUSION**

For the foregoing reasons, the court adopts the Findings and Recommendation [22]. Plaintiff's Motion to Remand Case to State Court [8] is granted.

IT IS SO ORDERED.

DATED this 13 day of March, 2009.

Ancer L. Haggerty
United States District Judge

6  - ORDER